# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3781-14T2
            A-3782-14T2

NEW JERSEY DIVISION OF CHILD
PROTECTION AND PERMANENCY,

    Plaintiff-Respondent,

v.

L.P. and M.B.,

    Defendants-Appellants.

_____

IN THE MATTER OF
A.B. and H.B., minors.

_____

        Argued telephonically October 4, 2017 –
        Decided October 26, 2017

        Before Judges Reisner and Mayer.

        On appeal from the Superior Court of New
        Jersey, Chancery Division, Family Part, Bergen
        County, Docket No. FN-02-0249-14.

        Victor E. Ramos, Assistant Deputy Public
        Defender, argued the cause for appellant L.P.
        (Joseph E. Krakora, Public Defender, attorney;
        Mr. Ramos, of counsel and on the briefs).

        Carol M. Willner, Designated Counsel, argued
        the cause for appellant M.B. (Joseph E.

Krakora, Public Defender, attorney; Ms. Willner, on the briefs).

Ellen L. Buckwalter, Deputy Attorney General, argued the cause for respondent (Christopher S. Porrino, Attorney General, attorney; Andrea M. Silkowitz, Assistant Attorney General, of counsel; Ms. Buckwalter, on the brief).

Todd S. Wilson, Designated Counsel, argued the cause for minors (Joseph E. Krakora, Public Defender, Law Guardian, attorney for minors; Mr. Wilson, on the brief).

PER CURIAM

Defendants L.P. (mother) and M.B. (father) appeal a September 9, 2014 fact finding order, determining that they abused or neglected their young children — H.B., age three weeks, and A.B., age three years - by using heroin while they were the children's primary caretakers, thus placing the children at a substantial risk of harm. L.P. also appeals a finding that she caused H.B. harm by using heroin while she was pregnant, causing the baby to suffer withdrawal symptoms after birth.[1]

On appeal, defendants argue that there was insufficient credible evidence in the record to support the judge's factual findings. L.P. also challenges the admission of the children's medical records as noncompliant with the certification requirements under N.J.S.A. 9:6-8.46(a)(3). She also contends

---

[1] L.P.'s brief advises us that both parents entered identified surrenders of their children on April 8, 2015.

that statements in H.B.'s medical records noting a diagnosis of withdrawal syndrome were inadmissible hearsay. Finding no merit in any of those arguments, we affirm.

The evidence is straightforward. On March 20, 2014, the Division of Child Protection and Permanency (Division) received a referral from a hospital, after the mother was admitted for post-partum depression and tested positive for opiates. At the time, defendants and their children were residing with the paternal grandparents. However, according to Lori Laverty, a Division case worker, both defendants told Laverty that they were the children's primary caretakers. They told her that H.B. slept in their bedroom with them.

Both parents also admitted to Laverty that they used heroin. In fact, the father told Laverty that he injected heroin on a daily basis to avoid having withdrawal symptoms. The mother admitted snorting heroin before being hospitalized and injecting heroin the night she was released, but she denied taking drugs while she was pregnant. She later admitted to a substance abuse evaluator that she used heroin "daily" in the weeks after giving birth. Both parents also admitted to using marijuana.

Both parents submitted to drug screening the day after the Division referral and both tested positive for opiates. They tested positive again in April, May and June 2014. Both parents

were medically evaluated for drug treatment and were found to be in need of inpatient detoxification programs. As of the date of the fact finding hearing, the mother had failed to attend treatment; the father attended a program but left before completing it.

Laverty explained the Division's concern that a parent under the influence of heroin could have impaired judgment and impaired ability to keep the children safe. There was also evidence that both parents were under the influence of drugs during a supervised visit with their children on June 4, 2014. The assistant family service worker supervising the visit observed them "acting strangely, speaking slowly and just having unusual behavior." Both parents were tested for drugs later that day, and both tested positive for opiates. Neither parent testified or presented any other witnesses or evidence at the fact finding hearing.

In an oral opinion issued on September 9, 2014, the trial judge found that the Division proved

> by a preponderance of the evidence that by virtue of their active drug use the parents, who were the primary caretakers for the children while abusing drugs, placed their children at substantial risk of harm making them abused and neglected as defined in . . . N.J.S.A. 9:6-8.21(c).

In making those findings, the judge credited the testimony of the Division's witnesses. She also relied on H.B.'s medical records

which she found reflected his "history of withdrawal syndrome secondary to intrauterine drug exposure. That he was addicted to heroin and went through withdrawal." The judge reasoned that caring for "very young children" while actively using heroin posed significant risks to the children, including the risk that the parents "might overdose while caring for their children," and that the heroin use might impair the parents' judgment and make them "unable to properly respond in the event of an emergency." The judge also concluded that H.B.'s suffering withdrawal symptoms, due to intrauterine drug addiction, constituted actual harm.

On this appeal, we owe particular deference to the trial judge's credibility determinations, and we will not disturb her factual findings so long as they are supported by substantial credible evidence. See N.J. Div. of Youth & Family Servs. v. R.G., 217 N.J. 527, 552 (2014). We review the judge's evidentiary rulings for abuse of discretion. N.J. Div. of Child Prot. & Perm. v. B.O., 438 N.J. Super. 373, 385-86 (App. Div. 2014). We engage in de novo review of the trial judge's legal interpretations. R.G., supra, 217 N.J. at 552.

After reviewing the record of the September 4, 2014 fact finding hearing, we conclude that there is substantial credible evidence to support the trial judge's finding, by a preponderance, that defendants were under the influence of heroin while acting

as their young children's primary caretakers. We have previously recognized that "[p]arents who use illegal drugs when caring for an infant expose that baby to many dangers due to their impaired judgment." B.O., supra, 438 N.J. Super. at 385. Likewise, there was medical evidence that the baby suffered from withdrawal symptoms, due to intrauterine drug exposure. That evidence in turn was sufficient to support the finding that L.P. caused H.B. harm by ingesting heroin while she was pregnant. See N.J. Dep't of Children & Families v. A.L., 213 N.J. 1, 22-23 (2013).

Contrary to L.P.'s argument, the children's medical records were properly authenticated by a certification and a delegation of authority, in compliance with N.J.S.A. 9:6-8.46(a)(3). Although the trial court held a thorough pre-trial evidence conference just prior to the hearing, defendants did not raise any other objection to the admission of the records in evidence. In particular, they made no timely objection to the court's consideration of included diagnoses. See N.J.R.E. 808.[2] Instead, they waited until after the hearing was over and the attorneys were giving their closing arguments before raising the issue. We conclude the issue was not properly preserved for purposes of

---

[2] The Division put defendants on notice, more than a month before the hearing, that it intended to rely on the documents to support the diagnosis of withdrawal syndrome.

appeal. <u>See</u> <u>N.J. Div. of Youth & Family Servs. v. M.C., III</u>, 201 <u>N.J.</u> 328, 339-42 (2010). However, even if we consider the issue, we find no abuse of the trial judge's discretion in admitting the evidence.

Defendants' remaining appellate contentions are without sufficient merit to warrant further discussion. <u>R.</u> 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION